IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTURO DOMINGUEZ AND MAGDA DOMINGUEZ | § § § § | REMOVED FROM CAUSE NO. 2020-CI-05992 45th JUDICIAL DISTRICT BEXAR COUNTY |
| *Plaintiffs*, | § § | |
| VS. | § § | Civil Action No. 5:20-CV-504-OLG |
| AMICA MUTUAL INSURANCE COMPANY | § § § § | |
| *Defendants*. | § | |

**PLAINTIFFS' UNOPPOSED FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, ARTURO and MAGDA DOMINGUEZ, and file this First Amended Original Complaint against AMICA MUTUAL INSURANCE COMPANY, hereinafter referred to as ("Amica") and in support thereof, would show as follows:

## I.
## PARTIES

1. Plaintiffs reside in Bexar County, Texas.

2. Amica is in the business of insurance in the State of Texas. The insurance business done by Amica in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

1

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

3. Defendant Amica Mutual Insurance Company has been served and has filed an Answer.

## II.
## JURISDICTION AND VENUE

4. Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and Plaintiffs and property which is the subject of this suit are located in Bexar County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## III.
## BACKGROUND FACTS

5. Plaintiffs are the owner of an Insurance Policy (hereinafter referred to as "the Policy"). Plaintiffs own the insured property, which is located at 18605 Sherwood Trail, Helotes, Texas 78023 (hereinafter referred to as "the Property"). Amica sold the Policy insuring the Property to Plaintiffs.

6. During the terms of said Policy, Plaintiffs sustained covered losses when a hail/wind storm damaged the Property, and Plaintiffs reported same to Amica pursuant to the terms of the Policy. Plaintiffs asked that Amica cover the cost of repairs to the Property pursuant to the Policy. Amica assigned Snead to adjust the claim and investigate the damages. To date, Amica and Snead have completely mishandled Plaintiffs' claims and caused Plaintiffs further and additional damages. Amica and Snead failed to conduct a full, fair, prompt and reasonable investigation of Plaintiffs' covered damages. As described in more detail below, Snead conducted an outcome-oriented investigation and under-scoped Plaintiffs' damages in order to allow Amica

to avoid full payment on the claim. In fact, Snead have identified and acknowledged that there is hail and wind damage present at Plaintiffs' property.

7. Further, both Snead and Amica made material misrepresentations about Policy provisions, coverage and the law in Texas applying thereto. Amica and its agents have kept and have in their possession a claim file which details the Plaintiffs' claim and their investigation, adjustment and subsequent denial of full payment on the claim.

8. Snead inspected Plaintiffs' Property. During the inspection, he was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' loss, including determining the cause of and then quantifying the damage to the exterior of Plaintiffs' Property. However, Snead failed to conduct a reasonable investigation by purposefully ignoring covered damages. Plaintiffs' agent requested that Snead examine all of the damage at the Property, but Snead refused and made coverage determinations without looking at all of the damages.

9. Despite the fact that the Texas Insurance Code dictates that adjusters must conduct a prompt and reasonable investigation and adjustment of a claim, Snead failed to do so and actually set out to conduct an outcome-oriented investigation and adjustment which resulted in an inequitable settlement of Plaintiffs' claim. Further, Snead has failed to provide his address to the Texas Department of Insurance even though he is a licensed Texas adjuster.

10. Despite having been assigned the claims, and despite being given authority and instructions to inspect, adjust and evaluate the claims, Snead failed and refused to properly and timely adjust the claims. He failed to request information, failed to adequately investigate the claims, failed to respond to requests for information from the Plaintiffs and/or its agents, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to Amica and make recommendations to it to address all the covered damages.

11. The Plaintiffs provided information regarding the loss and the claims to Snead. The Plaintiffs allowed him full and complete access to the Property. The Plaintiffs provided sufficient information when requested to Snead so he could fairly and reasonably adjust and evaluate the loss, but he failed to do so. Snead also misrepresented the policy to Plaintiffs. As result of Snead's misrepresentations, inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

12. Amica wrongfully denied Plaintiffs' claim for full and complete repairs to the Property even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Amica failed to fully pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs and engaged its agents to misrepresent Policy provisions and coverage. To date, Amica continue to delay in the payment for the damages to the Property.

## IV.
## CAUSES OF ACTION AGAINST AMICA

**A.   BREACH OF CONTRACT**

13. Plaintiffs re-allege the foregoing paragraphs. Amica and its agents' conduct constitutes a breach of the insurance contract between it and Plaintiffs. Amica's failure and/or refusal, as described above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

14. Amica failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, Amica refused to pay the full proceeds of the Policy after delaying and conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs.

4

Amica's conduct constitutes a breach of the insurance contract between it and Plaintiffs.

## B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

### 1. UNFAIR SETTLEMENT PRACTICES

15. Plaintiffs re-allege the foregoing paragraphs. Texas law is clear that insurance companies and anyone engaged in the business of insurance by investigating and adjusting a claim must conduct a reasonable, full and fair claim investigation. Amica violated Chapter 541 of the Texas Insurance Code, in one or more of the following particulars:

**§ 541.051. Misrepresentation regarding Policies.**

- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the terms of a policy; and
- Making, issuing, circulating, or causing to be made, issued or circulated a statement misrepresenting the benefits of a policy.

**§ 541.060. Unfair Settlement Practices.**

Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;
- making misrepresentations of law;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;
- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;
- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;
- refusing to affirm or deny coverage within a reasonable time;
- refusing to conduct a reasonable investigation;
- ignoring damage known to be covered by the Policy;
- conducting an outcome-oriented investigation in order to provide a basis to underpay the claim; and/or
- relying on biased experts.

Failing and refusing to conduct a reasonable investigation and conducting an outcome-oriented investigation as described above are just a few of the Insurance Code violations not substantively identical to a claim of fraud and thus each should be examined on an individual basis and not simply lumped together as misrepresentations. An adjuster or insurance company failing to conduct a reasonable investigation, for example in the form of a significant delay, may do so negligently or knowingly. The finding of the former is subject to damages in the form of policy benefits wrongfully withheld and a finding of the latter allows for the additional recovery of treble damages. There can be a finding of the former without a finding of the latter, but not vice versa. A delay in an investigation will undoubtedly cause a delay in the payment of the claim, and an insufficient investigation may well lead to a less than fair settlement of a claim, another violation of the Insurance Code which can occur through either negligent or knowing conduct.

### § 541.061. Misrepresentation of Insurance Policy.

- Making an untrue statement of material fact;
- Failing to state a material fact necessary to make other statements made not misleading;
- Making a misleading statement; and
- Failing to disclose a material matter of law.

### 2. THE PROMPT PAYMENT OF CLAIMS

16. Plaintiffs re-allege the foregoing paragraphs. Amica's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

17. Amica failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the statutorily mandated time of receiving notice of Plaintiffs' claims. Its conduct constitutes a

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

18.     Further, Amica failed to accept or deny Plaintiffs' full and entire claims within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

19.     Amica failed to timely pay Plaintiffs' claim, and failed to timely pay for all of the covered losses. TEX. INS. CODE §542.057.

20.     Amica failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claims and, to date, Plaintiffs have not received full payment for the covered losses. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

21.     Because of Amica's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing it with respect to these causes of action.

C.     **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

22.     Plaintiffs re-allege the foregoing paragraphs. Amica's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insureds pursuant to insurance contracts.

23.     From and after the time Plaintiffs' loss was presented to Amica, its liability to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Amica's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.     Further, Amica's failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiffs' claims, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

25.  Each of the acts described above, together and singularly, was done "knowingly" by Defendants as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## VI.
## DAMAGES

26.  Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

27.  As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

28.  For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claims, together with attorney's fees.

29.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, consequential damages not covered by Plaintiffs' Policy and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

30.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as five percent added to the interest rate determined under Section 304.003, Finance Code, interest calculated per annum, on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

31.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

32.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VII.

34.     In addition, as to any exclusion, condition, or defense pled by Defendant, Plaintiffs would show that:

35.     The clear and unambiguous language of the policy provides coverage for damage to the Property caused by losses made the basis of Plaintiffs' claims, including the cost of access to fix the damages;

36.     In the alternative, any other construction of the language of the policy is void as against public policy;

37. Any other construction and its use by the Defendant violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

38. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

39. In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

40. In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

41. In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring reformation.

## VIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against Defendant for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court.  Plaintiffs plead that the amount in controversy exceeds $75,000.00, excluding interest and costs.  Plaintiffs further plead for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against Amica, to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas  78249
Telephone:    (210) 775-1424
Facsimile:    (210) 775-1410
Electronic Mail:  shannon@theloydlawfirm.com


BY: _____
SHANNON E. LOYD
State Bar No. 24045706

ATTORNEY FOR PLAINTIFFS


**PLAINTIFFS REQUEST A TRIAL BY JURY**


**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs conferred with counsel for Defendant Amica, and she is unopposed to Plaintiffs' First Amended Complaint.

_____
SHANNON E. LOYD

11

## **CERTIFICATE OF SERVICE**

    I thereby certify that a true and correct copy of *Plaintiffs' Unopposed First Amended Complaint* was served on the attorney in charge for Defendants by electronic filing pursuant to the Federal Rules of Civil Procedure, on this 26th day of June 2020 to:

Joanna Lippman Salinas
State Bar No.: 00791122
Fletcher, Farley, Shipman & Salinas, LLP
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
Tel: (412) 476-5300
Fax: (512) 476-5771
Email:    joanna.salinas@fletcherfarley.com

**ATTORNEY FOR DEFENDANTS**

SHANNON E. LOYD